UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD-HAYSELDEN et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO POLICE DEPARTMENT, <br><br> Defendant. | Case No.: 3:23-CV-1298-JO-BLM <br><br> **ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

On December 13, 2022, *pro se* Plaintiffs Tasheda J. Leonard-Hayselden and Matthew H. Leonard-Hayselden filed a complaint in the Eastern District of California alleging that Defendant San Diego Police Department kidnapped their two children. Dkt. 1 ("Compl."). Plaintiffs also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. 2. On July 14, 2023, the case was transferred to this Court. Dkt. 6. For the following reasons, the Court grants Plaintiffs' IFP request and dismisses the complaint in full under 28 U.S.C. § 1915(e)(2).

**I. PLAINTIFF'S IFP MOTION**

Upon review of Plaintiffs' affidavit in support of their IFP motion, the Court finds that Plaintiffs have made a sufficient showing of inability to pay the filing fee required to prosecute this action. *See* Dkt. 2. Accordingly, the motion is granted.

## II. PLAINTIFF'S COMPLAINT

Because Plaintiffs were granted leave to proceed IFP, their Complaint must undergo a *sua sponte* screening for dismissal. A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. *Pro se* complaints are construed "liberally" and may be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal quotation marks omitted).

Upon screening Plaintiffs' complaint, the Court finds that their sole claim under 18 U.S.C. § 1201, the federal criminal statute prohibiting kidnapping, fails as a matter of law. Because private plaintiffs cannot sue under federal criminal statutes, Plaintiffs have failed to plead a legally valid claim. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994); *Celece v. Dunn Sch.*, 2021 WL 3190910, at *6 (C.D. Cal. June 21, 2021) (finding no private right of action under 18 U.S.C. § 1201);

*Gumber v. Fagundes*, 2021 WL 4311904, at *3 (N.D. Cal. July 3, 2021), *report and recommendation adopted*, 2021 WL 3563065 (N.D. Cal. Aug. 11, 2021) (same); *Giano v. Martino*, 673 F. Supp. 92, 95 (E.D.N.Y.), *aff'd*, 835 F.2d 1429 (2d Cir. 1987) (same). Accordingly, the Court dismisses this claim with prejudice.

Dismissal with prejudice is warranted here because the flaw in the claim cannot be cured with amendment. *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading"); *see also Gumber*, 2021 WL 4311904, at *3 (dismissing without leave to amend § 1201 claim for federal kidnapping). Because Plaintiffs have no right of action under federal criminal laws no matter what facts they allege, any amendment of their § 1201 claim would be futile. *Id.* Accordingly, Plaintiffs' sole federal claim under the current allegations is dismissed with prejudice.

### III. CONCLUSION

For the reasons set out above, the Court GRANTS Plaintiffs' motion to proceed IFP and DISMISSES Plaintiffs' complaint in full under 28 U.S.C. § 1915(e)(2). The Clerk is instructed to close the case.

**IT IS SO ORDERED**.

Dated: August 9, 2023

Hon. Jinsook Ohta
United States District Judge